**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**

MOOVE NA DISTRIBUTION, LLC,

Plaintiff,

v.

TODD HAYES, An Individual; BOBBY MULKEY, JR., An Individual; and STEPHENS OIL CO., INC.,

Defendants.

Civil Action No.: 3:26-cv-00710

**COMPLAINT**

Plaintiff Moove NA Distribution, LLC files this Complaint for injunctive relief and damages against Defendants Todd Hayes, Bobby Mulkey, Jr., and Stephens Oil Co., Inc. (collectively, "Defendants"), alleging the following:

## NATURE OF THE CASE

1. This action arises from Defendants Todd Hayes and Bobby Mulkey, Jr.'s blatant breach of a valid and enforceable restrictive covenant and the intentional, wrongful actions of Defendant Stephens Oil Co., Inc. to interfere with Plaintiff's business relationships. Plaintiff seeks preliminary and permanent injunctive relief to halt this unlawful conduct, as well as damages for the financial harm caused by Defendants' actions.

## PARTIES AND JURISDICTION

2. Plaintiff, Moove NA Distribution LLC, formerly PetroChoice LLC, is a Delaware Limited Liability Company, with its principal place of business in King of Prussia, PA.

3. Defendant Todd Hayes is an adult individual residing in Alexander City, AL.

4. Defendant Bobby Mulkey, Jr. is an adult individual residing in Alexander City, AL.

5. Defendant Stephens Oil Co., Inc. is an Alabama Corporation with its principal place of business in Brierfield, AL.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because complete diversity of citizenship exists between Plaintiff and Defendants and the amount in controversy is greater than $75,000, exclusive of interest and costs.

7. This Court has personal jurisdiction over Defendants because at all relevant times they have engaged in substantial business activities in the State of Alabama. At all relevant times Defendants transacted, solicited, and conducted business in Alabama through their employees, agents, and/or sales representatives,

and derived substantial revenue from such business in Alabama.

8. Venue is proper in the Middle District of Alabama because Defendants all reside within the Middle District and the parties to Defendant Hayes' employment agreement limited the venue to this Honorable Court.

## FACTUAL BACKGROUND

9. Plaintiff is a lubricant-focused company, producing, selling, and distributing lubricants globally.

10. On or about January 1, 2022, Defendant Todd Hayes commenced employment with Plaintiff. As a condition of employment, Todd Hayes was required to execute an Employment Agreement (the "Hayes Agreement").

11. The Hayes Agreement contains valid restrictive covenants, including a non-competition provision. Under this provision, Todd Hayes agreed that for a period of 2 years following the termination of employment, he would not directly or indirectly engage in, perform services for, or solicit business for any business competitive with the business as conducted and proposed to be conducted by Plaintiff.

12. The Agreement also contained restrictive covenants prohibiting Todd Hayes from soliciting Plaintiff's current or prospective clients for a competing business.

13. During their employment, Todd Hayes was provided with Plaintiff's proprietary business information, trade secrets, and access to confidential customer relationships.

14. Immediately following his resignation, Todd Hayes began working for Stephens Oil Co., Inc, a direct competitor of Plaintiff, located at 10094 Montevallo Rd., Brierfield, AL 35035

15. In his new capacity at Stephens Oil Co., Inc., Todd Hayes is performing duties nearly identical to those they performed for Plaintiff.

16. Furthermore, Todd Hayes has actively solicited Plaintiff's established clients - including Dudley Lumber; Tucker Merchandise; Forestry 21, LLC; Mitcham's Auto Parts; Huey's Grocery; Hughes Auto Parts; Park City Auto Parts; Lake Wedowee Auto Parts, Bama Diesel; Joe's Repair; and Ken's Auto Parts – along with others currently being identified, causing these clients to terminate or reduce their business with Plaintiff.

17. On or about December 30, 2021, Defendant Bobby Mulkey, Jr. commenced employment with Plaintiff. As a condition of employment, Bobby Mulkey, Jr. was required to execute an Employment Agreement (the "Mulkey Agreement").

18. The Mulkey Agreement contains valid restrictive covenants, including a non-competition provision. Under this provision, Bobby Mulkey, Jr. agreed that

for a period of 2 years following the termination of employment, he would not directly or indirectly engage in, perform services for, or solicit business for any business competitive with the business as conducted and proposed to be conducted by Plaintiff.

19. The Agreement also contained restrictive covenants prohibiting Bobby Mulkey, Jr. from soliciting Plaintiff's current or prospective clients for a competing business.

20. During their employment, Bobby Mulkey, Jr. was provided with Plaintiff's proprietary business information, trade secrets, and access to confidential customer relationships.

21. Immediately following his resignation, Bobby Mulkey, Jr. began working for Stephens Oil Co., Inc, a direct competitor of Plaintiff, located at 10094 Montevallo Rd., Brierfield, AL 35035

22. In his new capacity at Stephens Oil Co., Inc., Bobby Mulkey, Jr. is performing duties nearly identical to those they performed for Plaintiff.

23. Furthermore, Bobby Mulkey, Jr. has actively solicited Plaintiff's established clients - including Dudley Lumber; Tucker Merchandise; Forestry 21, LLC; Mitcham's Auto Parts; Huey's Grocery; Hughes Auto Parts; Park City Auto Parts; Lake Wedowee Auto Parts, Bama Diesel; Joe's Repair; and Ken's Auto Parts – along with others currently being identified, causing these clients to terminate or

reduce their business with Plaintiff.

24. Defendant Stephens Oil Co., Inc., had actual or constructive knowledge of the Agreements. Nevertheless, Stephens Oil Co., Inc. actively encouraged and induced both Todd Hayes and Bobby Mulkey, Jr. to breach the Agreements in order to capture Plaintiff's market share.

## COUNT I

## BREACH OF CONTRACT AGAINST TODD HAYES

25. Plaintiff incorporates by reference each paragraph of this Complaint as if fully set forth herein.

26. The Agreement constitutes a valid and enforceable contract supported by adequate consideration.

27. Plaintiff has performed all conditions, covenants, and promises required of it under the Agreement.

28. Todd Hayes has materially breached the Agreement by directly competing with Plaintiff, working for a competitor, and soliciting Plaintiff's customers.

29. As a direct and proximate result of Todd Hayes's breach, Plaintiff has suffered and continues to suffer irreparable harm and significant financial damages, including lost profits.

## COUNT II

## BREACH OF CONTRACT AGAINST BOBBY MULKEY, JR.

30. Plaintiff incorporates by reference each paragraph of this Complaint as if fully set forth herein.

31. The Agreement constitutes a valid and enforceable contract supported by adequate consideration.

32. Plaintiff has performed all conditions, covenants, and promises required of it under the Agreement.

33. Bobby Mulkey, Jr. has materially breached the Agreement by directly competing with Plaintiff, working for a competitor, and soliciting Plaintiff's customers.

34. As a direct and proximate result of Bobby Mulkey, Jr.'s breach, Plaintiff has suffered and continues to suffer irreparable harm and significant financial damages, including lost profits.

## COUNT III

## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

35. Plaintiff incorporates by reference each paragraph of this Complaint as if fully set forth herein.

36. Plaintiff had valid, existing business relationships and advantageous business expectancies with its clients, including Dudley Lumber; Tucker Merchandise; Forestry 21, LLC; Mitcham's Auto Parts; Huey's Grocery; Hughes Auto Parts; Park City Auto Parts; Lake Wedowee Auto Parts, Bama Diesel; Joe's Repair; and Ken's Auto Parts – along with others currently being identified.

37. Defendant Stephens Oil Co., Inc. had knowledge of these business relationships and the restrictive covenants binding Todd Hayes and Bobby Mulkey, Jr.

38. Defendant Stephens Oil Co., Inc. intentionally and unjustifiably interfered with these relationships by actively hiring Todd Hayes and Bobby Mulkey, Jr. to compete directly with Plaintiff and by facilitating the solicitation of Plaintiff's clients.

39. As a direct and proximate result of Stephens Oil Co., Inc.'s interference, Plaintiff's business relationships have been disrupted, and Plaintiff has suffered actual damages.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in its favor and against Defendants as follows:

A. **Temporary and Permanent Injunctive Relief:** Enjoining Defendants

Todd Hayes and Bobby Mulkey, Jr. from working for Stephens Oil Co., Inc., directly or indirectly competing with Plaintiff, and from soliciting or doing business with Plaintiff's clients.

B. **Compensatory Damages:** Awarding Plaintiff actual damages, including lost profits, in an amount to be determined at trial.

C. **Punitive Damages:** Awarding punitive damages against Stephens Oil Co., Inc. for its intentional, willful, and malicious interference.

D. **Attorneys' Fees and Costs:** Awarding Plaintiff reasonable attorneys' fees and costs incurred in bringing this action, as provided for under the Agreements.

E. **Other Relief:** Granting such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated: September 11, 2026.

/s/ Jason C. Odom
Jason C. Odom
ATTORNEY FOR PLAINTIFF

OF COUNSEL:
Jason C. Odom LLC
110 East 15th Street
Anniston, AL 36201
Phone 256-238-6005
Fax 256-238-0181
Email: JCOdom@OdomLegal.com

/s/ Heather Newsom Leonard
Heather Newsom Leonard
ATTORNEY FOR PLAINTIFF

OF COUNSEL:
HEATHER LEONARD, P.C.
P.O. Box 43768
Birmingham, AL 35243
Phone: (205) 977-5421
Facsimile: (205) 278-1400
E-mail: Heather@HeatherLeonardPC.Com